1   ADAM K. BULT, ESQ.
Nevada Bar No. 9332
2   MAXIMILIEN D. FETAZ, ESQ.
Nevada Bar No. 12737
3   BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
4   Las Vegas, NV  89106-4614
Telephone:  702.382.2101
5   Facsimile:  702.382.8135
abult@bhfs.com
6   mfetaz@bhfs.com

7   *Attorneys for Plaintiffs Fidelis Holdings, LLC., Fidelis
Holdings Las Vegas, LLC and Fidelis Holdings*
8   *Henderson, LLC*

9

10                    **UNITED STATES DISTRICT COURT**

11                          **DISTRICT OF NEVADA**

12   FIDELIS HOLDINGS, LLC, a Nevada          CASE NO.:  2:15-cv-00147-GMN-NJK
     limited liability company; FIDELIS
13   HOLDINGS LAS VEGAS, LLC, a Nevada        **STIPULATED PROTECTIVE ORDER**
     limited liability company; FIDELIS       **REGARDING CONFIDENTIAL**
14   HOLDINGS HENDERSON, LLC, a                **INFORMATION AND INADVERTENT**
     Nevada limited liability company,        **DISCLOSURE**

15                Plaintiffs,                   AS AMENDED, PAGES 6 - 7

16   v.

17   LEARNED J. HAND, an individual,

18                Defendant.

19

20        The parties, Plaintiffs Fidelis Holdings, LLC, Fidelis Holdings Las Vegas LLC, and

21   Fidelis Holdings Henderson LLC (collectively, "Plaintiffs"), and Defendant Learned J. Hand

22   ("Defendant") (collectively, the "Parties", each individually, a "Party"), recognize that certain

23   documents and information produced or to be produced during discovery in the above action

24   should be kept confidential, within the meaning of Fed. R. Civ. P. 26(c), in order to protect the

25   legitimate business interests of the parties and the legitimate business interests of third parties

26   from whom discovery will be sought.

27

28

017856\0001\12288770.2                          1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  Therefore, IT IS HEREBY STIPULATED AND AGREED by and among the Parties,

2  through their undersigned counsel, that the following procedures shall govern document

3  disclosure and production in the above-entitled action (the "Action").

4  **1.  Types of Materials that May be Designated**

5  1.1  This Order shall govern all documents and other products of discovery, including

6  any documents, things, answers to interrogatories, responses to requests for admission, deposition

7  testimony, deposition transcripts and exhibits, other responses to requests for information, or

8  other written information, produced in response to discovery requests in this Action by Parties

9  (hereafter, collectively, "Discovery Material") . In connection with discovery proceedings in this

10  Action, any supplying party (each, a "Supplying Party") may designate non-public documents,

11  materials, or information ("Information") as "CONFIDENTIAL" (collectively referred to as

12  "Protected Material").

13  (a)  CONFIDENTIAL Information means any document, information, or

14  material that the Supplying Party reasonably and in good faith believes contains confidential

15  information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) used by it in, or pertaining to, its

16  business and/or operation and that is not generally known, and which that Supplying Party would

17  not normally reveal to third parties or, if disclosed, would require such third parties to maintain in

18  confidence, and any Information that the party reasonably and in good faith believes to contain

19  particularly sensitive business, financial, market or other proprietary information, the disclosure

20  of which information is likely to have the effect of causing harm to the Supplying Party.

21  1.2  Any copies or reproductions, excerpts, summaries, or other documents or media

22  that paraphrase, excerpt, or contain CONFIDENTIAL Information will also be treated as such

23  pursuant to this Protective Order.

24  1.3  CONFIDENTIAL Information shall not include any Discovery Materials that:

25  (a)  Have been or become part of the public domain, not due to any

26  unauthorized act or omission on the part of the receiving Party or any of its authorized

27  representatives or designees under this Protective Order; or

28  (b)  Are independently developed by the receiving party.

017856\0001\12288770.2          2

1.4     Nothing herein shall impose any restriction on the use or disclosure by a Party or a third-party of its own documents or information.

**2.     Designation of Confidential Information**

2.1     Any Discovery Material produced in this Action that is to be designated " "CONFIDENTIAL" may be so designated by the Supplying Party by providing copies of the Discovery Materials so designated that are stamped with the legend "CONFIDENTIAL", as appropriate. In the case of documents produced on magnetic, optical, or other encoded media (except for images of hard copy documents), the Supplying Party shall affix the legend "CONFIDENTIAL", as appropriate, on the outside of the storage medium (e.g., the magnetic disk enclosure or CD-ROM). A receiving party desiring to make electronic copies of such media or portions thereof shall—if permitted to make such copies under the terms of this Protective Order—affix the same designation on the copy as exists on the original, produced medium.

2.2     In the event a party may make available certain of its files for inspection by the other party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as CONFIDENTIAL Information. Only those persons identified in paragraph 4.2 below as permitted to view CONFIDENTIAL Information may be present at any such inspection. When the Supplying Party copies the documents to furnish to the inspecting party, the Supplying Party shall mark them with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

2.3     With respect to any deposition or testimony, any Party or third-party may designate as CONFIDENTIAL those portions of a transcript (including exhibits) that such Party or third-party believes in good faith merit protection as CONFIDENTIAL by stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

017856\0001\12288770.2                                3

**3.**     **Inadvertent Disclosure**

    3.1     Any inadvertent failure to designate Discovery Material as CONFIDENTIAL Information shall not constitute a waiver of a Party's or third-party's right to so designate such Discovery Material at a later date, provided that the designating Party, or designating third-party, promptly serves a written notice upon the receiving Parties upon learning of the inadvertent failure to designate or incorrect designation, along with a replacement copy of such Discovery Material marked with the appropriate legend.

    3.2     Upon receipt of such replacement copy, the receiving Parties shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery Material within 14 calendar days and certify in writing that they have done so.

**4.**     **Restrictions on Disclosure and Use of Confidential Information**

    4.1     Protected Material, and all summaries, compilations, and/or derivatives thereof, whether oral or written, shall be maintained in confidence, and shall be used solely in the preparation, prosecution, or trial of this Action and not for any other purpose, and may be disclosed only as provided in the following paragraphs.

    4.2     Information which has been designated as CONFIDENTIAL may be disclosed to:

    (a)     Outside litigation counsel for the respective parties, including their clerical, litigation support and paralegal employees;

    (b)     Independent, outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties, but who are specifically engaged by counsel or the parties to assist in this Action. However, prior to receiving any Protected Material, such persons shall be furnished with a copy of this Protective Order and shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A. The signed undertaking along with the CV of the proposed independent, outside consultants/experts will be provided to opposing counsel who will have seven (7) calendar days to object along with the reasons for objection. During those seven days the independent, outside consultants/experts shall not have access to the Protected Material. The parties shall endeavor in good faith to resolve any dispute concerning independent, outside consultants/experts without calling upon the intervention

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

of the Court. If the designating party maintains its objection and the parties are unable to reach agreement, either party may raise the issue with the Court. The objecting party shall have the burden of establishing the appropriateness of the objection;

(c)     The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as CONFIDENTIAL under this Protective Order;

(d)     Stenographic and/or videographic reporters engaged in proceedings incident to preparation for trial or trial;

(e)     Employees of copy services, trial graphics services, translation services, vendors engaged by counsel for processing electronic information and/or any other outside litigation support; and

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document.

(g)     Any other person who is an employee, consultant and/or officer of the parties, provided that any such person is directly involved in preparation, strategy, settlement or trial of this Action.

4.3     Notwithstanding the foregoing, Protected Material identified by the opposing party in connection with the pre-trial order in this matter, including all documents listed on the opposing party's exhibit list, any testimony in the opposing party's deposition designations, and any expert report (and exhibits to or material referenced in that report) of any expert on the opposing party's witness list, may be disclosed to employees, consultant and/or officers of the Receiving Party whose duties include responsibility for, or whose assistance is needed in connection with, preparation, strategy, settlement or trial of this Action.

4.4     Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

4.5     Nothing in this Protective Order shall preclude any Party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the Supplying Party and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (*e.g.*, clearing the Courtroom, sealing the record, etc.).

4.6     Nothing in the Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her clients with respect to this Action and, in the course thereof, referring to or relying generally upon his examination of Protected Material.

4.7     All copies, duplicates, extracts, summaries, or descriptions (hereinafter collectively referred to as "copies") derived from any documents or information subject to this Protective Order, or any portion thereof, shall be affixed with the words "CONFIDENTIAL" as appropriate (and if those words do not already appear) immediately upon creation of same by a Party.

4.8     Nothing herein shall be construed to limit in any way a Party's or a third-party's use of its own CONFIDENTIAL Information.

**5.     Disclosure of Confidential Material to the Court**

See order issued concurrently herewith

5.1     No materials designated as "CONFIDENTIAL", nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials (collectively, "Confidential Records"), shall be filed with the Court except as provided herein.

5.2     Confidential Records that consist of materials designated as "CONFIDENTIAL", shall be sealed. All CONFIDENTIAL Information that is filed with the Court shall be filed under seal in accordance with the Court's procedures.

5.3     Pursuant to Local Rule 10-5(b), "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures." A party seeking to file a confidential document under seal must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Special Order 109.   Further, any

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

017856\0001\12288770.2

6

1  ~~confidential materials that are filed with the Court, and any pleading, motion or other paper filed~~

2  ~~with the Court containing or disclosing any such confidential material shall be filed under seal~~

3  ~~and shall bear the legend:~~

4  ~~THIS DOCUMENT CONTAINS CONFIDENTIAL
   INFORMATION/MATERIAL COVERED BY A PROTECTIVE~~

5  ~~ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL
   PURSUANT TO THAT PROTECTIVE ORDER. THE~~

6  ~~CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY
   NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF~~

7  ~~THE COURT.~~

8  **6.      Confidential Material Subject to Subpoena or Other Compulsory Process**

9        6.1      Nothing in this Protective Order shall prevent a receiving Party or receiving third

10  party from complying with a valid subpoena or other compulsory process that requires production

11  or disclosure of, CONFIDENTIAL Information, provided, however, that any person in possession

12  of CONFIDENTIAL Information who receives a subpoena (or other compulsory process) from

13  any person (including natural persons, corporations, partnerships, firms, governmental agencies,

14  departments, bodies, boards or associations) who is not a party to this Protective Order seeking

15  production or other disclosure of CONFIDENTIAL Information shall not produce such

16  information without written consent from the Supplying Party, unless that person gives telephonic

17  notice and written notice by email to counsel for the Supplying Party enclosing a copy of the

18  subpoena or other compulsory process at least ten (10) days prior to producing such

19  CONFIDENTIAL Information, or as soon as practicable.

20        6.2      Third parties served with a subpoena in this Action shall be entitled to protect their

21  documents and information under this protective order using the same procedures and standards

22  as applied to the parties. Within seven (7) days of receipt of any documents and information from

23  any third party, the Party will provide copies of the received documents and information to the

24  opposing Party. Both the Party and the opposing Party will maintain the third party Protected

25  Materials and information under this protective order.

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

017856\0001\12288770.2                                        7

**7.    Other Remedies and Relief are Not Limited**

7.1    Nothing herein shall prevent any Party or third-party from seeking by application to the Court further, greater or lesser protection with respect to the use of any CONFIDENTIAL Information in connection with this Action.

7.2    Any Party or third-party may move the Court for a modification of or relief from the terms of this Protective Order at any time.

7.3    The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

7.4    The entry of this Protective Order shall not be construed as a basis for permitting the production or discovery of Discovery Material that would not otherwise be discoverable but for the existence of the Protective Order.

7.5    Any party believing that particular information has been improperly marked, *i.e.*, that it is not in fact CONFIDENTIAL, may challenge such designation at any time by raising the issue in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within seven (7) business days of receipt of such writing, the designation party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith. The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The designating party shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated under this Protective Order by the other is in the public domain shall have the burden of proving such public knowledge. Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

**8.    Inadvertent Production Does Not Waive Privileges**

8.1    The inadvertent production of information or documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other

017856\0001\12288770.2

8

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  relevant privilege or immunity will not constitute a waiver of the applicable privilege or

2  immunity. If any such information or document is inadvertently produced in discovery, the

3  recipient of the information or document will, upon request from the producing Party or third-

4  party: (a) return all copies of the information or documents to the producing Party or third-party

5  within three (3) business days of written notice from producing Party or third-party; (b) destroy

6  all notes and other work-product reflecting the content of the material and delete the material

7  from any litigation support or other database within three (3) business days of written notice from

8  producing Party or third-party; and (c) make no further use of such information or documents for

9  any purpose unless and until further order of the Court. To the extent the receiving Party has

10 reason to suspect that material covered by an applicable privilege or immunity has been

11 inadvertently produced, it will promptly notify the producing Party or third-party and identify the

12 documents in question. The return of any discovery information or material to the producing

13 Party or third-party will not in any way preclude the receiving Party from moving the Court for a

14 ruling that (a) the information or document was never privileged, or (b) any privilege or immunity

15 has been waived. In any application to the Court under this paragraph, the allegedly privileged

16 document may, as appropriate, be disclosed for in camera inspection by the Court, but pending

17 the Court's ruling, may not otherwise be used. If the Court does not grant the application, then the

18 privileged document(s) shall be returned or destroyed as provided herein.

19 **9.    Inadvertent or Unauthorized Disclosure**

20      9.1    If a receiving Party discloses Protected Material, through inadvertence, to any

21 person not authorized under this Protective Order to receive that information, then the receiving

22 Party shall use its best efforts to retrieve immediately all copies of such Protected Material and to

23 bind the person to whom the material was improperly disclosed to the terms of this Protective

24 Order.

25      9.2    In such event, the receiving Party shall also (a) promptly inform such person of all

26 the provisions of this Protective Order; (b) identify such person immediately to the remaining

27 Parties or producing third-party; and (c) provide such person a copy of this Protective Order.

28

017856\0001\12288770.2                                          9

Upon such receipt of a copy of this Protective Order, any such person shall be subject to its provisions.

9.3    The foregoing shall not relieve a Party of liability, if any, for disclosing Protected Material in violation of this Protective Order.

**10.    Return/Destruction of Confidential Material After this Action Ends**

10.1    After termination of this Action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the CONFIDENTIAL Information for enforcement of the provisions of this Order following termination of this Action.

10.2    Upon termination of this Action by dismissal, judgment, or settlement, Discovery Materials designated CONFIDENTIAL Information shall, at the request of the Supplying Party, be returned to the Party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the option of the producing Party or third-party, destroyed in that time frame. Upon request, each receiving Party or third-party shall provide the Supplying Party with a letter certifying that all Protected Material required to be returned or destroyed pursuant to the provisions of this Protective Order has been returned or destroyed. Nothing contained herein shall prevent designated outside counsel for each Party from maintaining a complete file (including drafts) of each propounded discovery request with its corresponding response, all pleadings, affidavits, motions, briefs, notes, memoranda, email, correspondence, and other documents or electronically stored information constituting work product that were internally generated based upon or which include CONFIDENTIAL Information, and all deposition transcripts together with the exhibits marked at the deposition, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such outside counsel takes appropriate steps to prevent the disclosure of Protected Material contrary to the terms of this Order. In the event that outside counsel maintains such documents or electronically stored information, it shall not disclose material containing any type of CONFIDENTIAL Information to another party absent subpoena or court order. Upon receipt of any subpoena for CONFIDENTIAL Information, the Party

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

017856\0001\12288770.2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1   receiving the subpoena shall immediately notify outside counsel for the Supplying Party of the

2   subpoena so that the latter may protect its interests. In the event that Discovery Materials are

3   returned to or destroyed at the request of the producing Party or third-party, the other Party or its

4   outside counsel shall certify in writing that all such Discovery Materials have been returned or

5   destroyed, as the case may be.

6   **11.      Enforcement of this Order**

7          11.1    In the event anyone shall violate or threaten to violate the terms of this Protective

8   Order, any Party may immediately apply to obtain injunctive relief against any such person. This

9   shall not be construed as limiting a Party's right to seek other remedies, including damages, if

10  any, in the event of a violation.

11         11.2    This Order shall be binding upon the Parties and their attorneys, successors,

12  executors, personal representatives, administrators, heirs, legal representatives, assigns,

13  subsidiaries, divisions, employees, agents, independent contractors, or other persons or

14  organizations over which they have control.

15         11.3    This Court shall retain jurisdiction over the Parties and the subject matter of this

16  Order for the purpose of enforcing its terms.

17

18  DATED this 15th day of June, 2015.              DATED this 15th day of June, 2015.

19  BROWNSTEIN HYATT FARBER                          ARMSTRONG TEASDALE LLP
    SCHRECK LLP
20

21
    By: */s/ Maximilien D. Fetaz*                    By: */s/ Carlos E. Duque*
22      ADAM K. BULT, ESQ.                               CONOR P. FLYNN, ESQ.
        Nevada Bar #9332                                 Nevada Bar #11569
23      MAXIMILIEN D. FETAZ, ESQ                         3770 Howard Hughes Parkway, Suite 200
        Nevada Bar #12737                                Las Vegas, Nevada 89169
24      100 North City Parkway, Suite 1600
        Las Vegas, NV 89106-4614                         CARLOS E. DUQUE, ESQ.
25                                                       (admitted *pro hac vice*)
        *Attorneys for Plaintiffs Fidelis Holdings*     JPF SECURITIES LAW, LLC
26      *LLC, Fidelis Holdings Las Vegas LLC and*       745 Atlantic Avenue, 8th Floor
        *Fidelis Holdings Henderson LLC*                Boston, MA 02111
27
                                                         *Attorneys for Defendant Learned J. Hand*
28
    017856\0001\12288770.2                      11

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Stipulated Protective Order is APPROVED.

**IT IS SO ORDERED.**

_____

UNITED STATES MAGISTRATE JUDGE

CASE NO.:  2:15-cv-00147-GMN-NJK

DATED: June 16, 2015 _____

Respectfully submitted by:

BROWNSTEIN HYATT FARBER SCHRECK LLP


By: _/s/ Maximilien D. Fetaz_ _____
     ADAM K. BULT, ESQ.
     Nevada Bar #9332
     MAXIMILIEN D. FETAZ, ESQ
     Nevada Bar #12737
     100 North City Parkway, Suite 1600
     Las Vegas, NV 89106-4614

     _Attorneys for Plaintiffs Fidelis Holdings LLC,_
     _Fidelis Holdings Las Vegas LLC and_
     _Fidelis Holdings Henderson LLC_

017856\0001\12288770.2                              12

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FIDELIS HOLDINGS, LLC, a Nevada limited liability company; FIDELIS HOLDINGS LAS VEGAS, LLC, a Nevada limited liability company; FIDELIS HOLDINGS HENDERSON, LLC, a Nevada limited liability company, | Case No.: 2:15-cv-00147-GMN-NJK |
| Plaintiffs, | **UNDERTAKING PURSUANT TO PROTECTIVE ORDER** |
| v. | |
| LEARNED J. HAND, an individual, | |
| Defendant. | |

1.      I have received a copy of the Protective Order (the "Protective Order") entered by the United States District Court for the District of Nevada (the "Court") in the above-referenced action on June 2015. I have carefully read and understand all of the provisions of the Protective Order.

2.      I agree to be bound by all of the provisions of the Protective Order, I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated as "CONFIDENTIAL" which I receive in this action. I further agree not to reveal CONFIDENTIAL Information under this Protective Order, including my copies or notes relating to such Information, to anyone other than another person authorized to have access to such information according to Paragraphs 4.2 and 4.3 of the Protective Order.

3.      I understand a violation of the Protective Order may be punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Protective Order.

Executed on_____      By:_____

017856\0001\12288770.2

13

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101