UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FIDELIS HOLDINGS LLC, et al., | ) | Case No. 2:15-cv-00147-GMN-NJK |
| Plaintiff(s), | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| LEARNED J. HAND, | ) | (Docket No. 58) |
| Defendant(s). | ) | |

Pending before the Court is a motion for attorneys' fees and costs, filed by Defendant Learned Hand ("Hand"). Docket No. 58. A response in opposition was filed by Plaintiffs (collectively, "Fidelis"), and Hand filed a reply. Docket Nos. 59, 61. The motion has been referred to the undersigned magistrate judge to prepare a report and recommendation pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure. The undersigned finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

The parties have been engaged in overlapping litigation in this Court and in state court in Colorado. The Colorado case proceeded to a bench trial at which the Colorado court concluded that Hand prevailed on his breach of contract claim and unjust enrichment claim, Docket No. 52 at 38, 40, and that Fidelis' counterclaims were subject to dismissal, *id.* at 40-44. Based on the overlap with the claims at issue here, the parties agreed that judgment should be entered in this case through application

of *res judicata* principles. *See, e.g.*, Docket No. 55. Judgment was therefore entered in this case on Hand's behalf. *See* Docket No. 56.

The Colorado court also determined that Hand was entitled to reasonable attorneys' fees and costs. Docket No. 52 at 44-46. Hand filed paperwork in that case for the attorneys' fees and costs of his Colorado local counsel and his lead counsel. *See* Docket No. 59-1. Hand's lead counsel sought to recover fees based on a flat monthly charge to Hand, which covered his services both in relation to the Colorado case and this case. *See, e.g.*, *id.* at 10-11 (declaration seeking flat fee of $5,000 for early months and $8,000 for later months); *id.* at 14 (retainer agreement showing the flat fee was for "Representation of the Client as lead litigation counsel in Fidelis v. Hand and Hand v. Fidelis, presently pending in both U.S. District Court for the District of Nevada and El Paso County Court in Colorado"). Hand's lead counsel also sought to recover from the Colorado court the entirety of his costs from both cases. *Compare, e.g.*, *id.* at 73 *with* Docket No. 58-7 at 7. The Colorado court declined to award those fees and costs in their entirety, especially in light of Hand's limited success on the claims at issue. Docket No. 52 at 52-53. Instead, analyzing the factors required under Nevada law, the Colorado court decided that Hand should recover half of the fees and costs sought. *Id.*

Now pending before this Court is Hand's motion for attorneys' fees and costs, arguing that he is entitled to recover not only the attorneys' fees for the time expended by his Nevada local counsel in this action and related costs, but also the attorneys' fees and costs of his lead counsel that were previously submitted to the Colorado court but not awarded.

**II.   ATTORNEYS' FEES**

The parties focus most significantly on the entitlement and amount of any attorneys' fees to be awarded in this case. For the reasons discussed more fully below, the undersigned finds that Hand is entitled to recover attorneys' fees in this action, and that attorneys' fees should be awarded in the amount of $25,491 for the work performed by Nevada local counsel and in the amount of $3,250 for the work performed by lead counsel.

A.   ENTITLEMENT TO ATTORNEYS' FEES

The parties first dispute whether Hand is entitled to recover any attorneys' fees in this case. Federal courts sitting in diversity apply state law to determine whether an award of attorneys' fees is

allowed. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 847 (9th Cir. 2009). Nevada law permits an award of attorneys' fees when "authorized by statute, rule, or contract." *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 197 P.3d 1051, 1060 (Nev. 2008).

Hand argues that he is entitled to attorneys' fees pursuant to the operating agreement of Fidelis Holdings Las Vegas, LLC, the operating agreement of Fidelis Holdings Henderson, LLC, the articles of organization of Fidelis Holdings, LLC, the articles of organization of Fidelis Holdings Las Vegas, LLC, and the articles of organization of Fidelis Holdings Henderson, LLC, as well as pursuant to N.R.S. 86.431 and N.R.S. 18.010(2)(b). *See* Docket No. 58 at 5-8. Fidelis argues that attorneys' fees are not properly awarded under any of the identified bases. *See* Docket No. 59 at 4-11.

As Hand notes, the Colorado court has already held that the claims on which Hand prevailed in that case gave rise to an award of attorneys' fees pursuant to the operating agreements. Docket No. 52 at 44-46. Those operating agreements each include the following provision:

> 13.2 <u>Attorneys' Fees</u>. In any judicial action or proceeding among the parties to enforce any of the provisions of this Operating Agreement or any right of any party hereto, regardless of whether such action or proceedings [sic] is prosecuted to judgment and in addition to any other remedy, the unsuccessful party shall pay to the successful party all costs and expenses, including reasonable attorneys' fees, incurred therein by the successful party.

*See* Docket No. 58-1 at 13. Fidelis argues that this provision is not triggered because this case did not involve a claim for breach of the operating agreements themselves and did not otherwise implicate those agreements. Docket No. 59 at 4-5. The undersigned disagrees. The language of the provision is broad, covering not only actions strictly alleging breach of the operating agreement but also covering any "proceeding among the parties to enforce . . . any right of any party hereto." Docket No. 58-1 at 13. The claims at issue in this case trigger that provision, as they arise out of Hand's performance as an officer of Fidelis Holdings Las Vegas and of Fidelis Holdings Henderson. *See* Docket No. 38 at ¶¶ 21-31 (alleging deficiencies in Hand's performance and his ultimate removal as CEO of these entities); *see also id.* at ¶¶ 4, 12, 14, and 15. Moreover, the Colorado court has already determined that Hand's success on the claims at issue in that case–claims that Fidelis now characterizes as "identical" to those at issue in this case, Docket No. 59 at 1–gives rise to an entitlement to attorneys' fees under this

provision. Docket No. 52 at 44-46. Given the similarity in circumstances, the Colorado court's decision on this issue is highly persuasive authority.

The undersigned concludes that the attorneys' fees provision in the operating agreements is sufficiently broad that Hand is entitled to recover attorneys' fees in this case.

### B.     CALCULATION OF ATTORNEYS' FEES

Having determined that Hand is entitled to an award of attorneys' fees, the undersigned turns to the calculation of the attorneys' fees to be awarded. Federal courts sitting in diversity apply state law in calculating attorneys' fees. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See, e.g.*, *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, Case No. 2:14-cv-01267-GMN-NJK, 2015 WL 6163443, at *1 (D. Nev. Oct. 20, 2015). In calculating attorneys' fees, Nevada law also requires courts to consider the qualities of the advocate, the character of the work done, the work actually performed by the lawyer, and the result. *See, e.g.*, *Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 213 (Nev. 1991) (citing *Brunzell v. Golden Gate National Bank*, 445 P.2d 31, 33 (Nev. 1969)).

State law also establishes the required showing to substantiate the attorneys' fees sought. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009). Nevada law requires requests for attorneys' fees to be supported by affidavits or other appropriate evidence. *See, e.g.*, *Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* N.R.C.P. 54(d)(2)(B).

The undersigned finds the lodestar method appropriate for calculating fees in this matter. Given the different issues involved with respect to Nevada local counsel and lead counsel, the undersigned addresses them separately.

#### 1.     Nevada Local Counsel

Hand requests attorneys' fees for work done by his Nevada local counsel in the amount of $25,491. *See* Docket No. 58 at 9. Hand has submitted the billing records of his local counsel reflecting

87.9 hours of time expended. Docket No. 58-9. Fidelis contests several of the time entries as impermissibly involving work related to the Colorado case. *See* Docket No. 59 at 10-11. The undersigned is not persuaded. The Colorado proceedings had a bearing on the proceedings in this court, most obviously evident by the fact that the outcome of the Colorado case resulted in the dismissal of this case. *See* Docket No. 55. Given the overlap between the two cases, it was reasonable for Nevada local counsel to keep abreast of the Colorado proceedings as part of his representation of Hand in this case. Such time is recoverable. *Cf. Crusher Designs*, 2015 WL 6163443, at *3 (holding that Nevada law would allow for recovery of time expended outside the particular litigation so long as it was time that would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest in the case at bar). Moreover, the undersigned has independently reviewed the time incurred by Nevada local counsel more generally, and finds his hours to have been reasonably expended. As such, the undersigned will calculate the lodestar using the 87.9 hours claimed.

Hand seeks to recover attorneys' fees for his Nevada local counsel at an hourly rate of $290, which his local counsel attests is a reduced rate. Docket No. 58-8 at 3. Hand has also submitted that his local counsel has been practicing law since 2008, and has noted some of his work and legal accomplishments. *See id.* at 2-3. The undersigned finds the rate requested to be reasonable. *Cf. Crusher Designs*, 2015 WL 6163443, at *2.

As a result, the undersigned finds that Hand should be awarded $25,491 in attorneys' fees related to the work performed by local counsel. The undersigned further finds that this amount properly reflects the *Brunzell* factors.

    2.    Lead Counsel, Fees Previously Sought in Colorado Case

The parties most vigorously contest whether Hand should recover for attorneys' fees charged by his lead counsel to litigate both this case and the Colorado case, given that those fees were already submitted to the Colorado court and a partial award was given. In particular, Hand sought to recover $182,796 in attorneys' fees and costs from the Colorado court, Docket No. 59-1 at 4, which included the entirety of the flat fee charged by lead counsel during the period in which both cases were active, *see,*

*e.g.*, *id.* at 10-11.[1] Hand's retainer agreement indicates that the flat fee covered services for both the Colorado case and this case. *See, e.g.*, *id.* at 14-16. The Colorado court used the inclusive $182,796 figure as the starting point of its fee and cost award calculation, finding that half of the total amount sought should be awarded given the application of the *Brunzell* factors. *See, e.g.*, Docket No. 52 at 53 (awarding $91,398 in fees and costs because that was 50% of the total amount submitted). Neither Hand nor the Colorado court apportioned lead counsel's flat fee to account for the fact that some of the fee was attributable to work done in this case.

Despite already presenting the entirety of lead counsel's flat fee to the Colorado court, Hand now argues that he should be permitted to recover from the Court the portions of lead counsel's fees that were rejected by the Colorado court. *See, e.g.*, Docket No. 58 at 10. Hand argues that it would be proper to award such fees even though they encompass time expended in the Colorado case because the work done by lead counsel in both cases was "inextricably intertwined." Docket No. 61 at 3.[2] Fidelis argues that Hand's request in this Court is an impermissible second bite at the apple. Docket No. 59 at 3-4.[3] Fidelis has the better argument on this issue.

This Court has previously held that Nevada law would allow for the recovery of attorneys' fees incurred outside the technical bounds of the case at bar so long as that time would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest in the case at bar. *Crusher*

---

[1] The vast majority of the fees sought with respect to lead counsel fall within this category. Hand also seeks to recover for lead counsel's fees for the three months of litigation in this Court after judgment was entered in Colorado, and the undersigned separately addresses that aspect of the fee request below.

[2] Hand further contends that "the Colorado Court was asked to award attorneys' fees and costs *incurred in connection with litigating the Colorado Case*." *Id.* (emphasis added). This assertion is puzzling given that Hand did not apportion lead counsel's flat fee that was submitted to the Colorado court so that it accounted for the work done in this case, and Hand submitted to the Colorado court the retainer agreement showing that the flat fee included services provided in litigating this case. *See* Docket No. 59-1 at 14. Hence, whatever Hand's intentions may have been, he sought from the Colorado court the entire fee for litigating both cases.

[3] Fidelis advances this argument through the framework of *res judicata* principles. *See id.* The undersigned finds it unnecessary to analyze the issue through that lens, and instead finds these particular attorneys' fees improperly included in the lodestar regardless of whether *res judicata* applies in a strict sense.

6

*Designs*, 2015 WL 6163443, at *3. For example, the Ninth Circuit has allowed attorneys' fees for a party in the case at bar for his counsel's representation of another party in a Supreme Court proceeding involving the same central issue. *See Armstrong v. Davis*, 318 F.3d 965, 971-73 (9th Cir. 2003);[4] *see also Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995) (awarding attorneys' fees for time expended filing amicus brief in separate proceeding); *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 638 (9th Cir. 1989) (same). Hand's attempt to recover the flat fee of his lead counsel for litigating both this case and the Colorado case arguably fits within the rubric of this case law.

The problem for Hand, however, is that he already sought and partially recovered from the Colorado court for the flat fee he is presenting to this Court. The case law outlined above has eschewed such a tactic. *See Armstrong*, 318 F.3d at 972 (noting that attorneys' fees were not awarded in the other case and expressing doubt that an award of fees would be permissible if one had been obtained in the other case). Hand has presented no legal authority that it is permissible for him to recover attorneys' fees in the Colorado case keyed off of an unapportioned submission of the fees incurred, and then seek from this Court the fees that had been found unrecoverable.

As noted above, the Court has wide discretion in determining how to calculate attorneys' fees under Nevada law, discretion that is "tempered only by reason and fairness." *Shuette*, 124 P.3d at 548-49. It is neither reasonable nor fair to include in the fee calculation in this case any aspect of the flat fee already presented to the Colorado court. Taking Hand's arguments as true, the work done in the Colorado case and this case were "inextricably intertwined" and the claims in this case were subsumed by the claims in the Colorado case. The entirety of lead counsel's flat fee was presented to the Colorado case, unapportioned to accounted for the fact that the flat fee was also paid for representation of Hand in this case. The Colorado court already calculated the fees to be awarded using the total figure presented as the starting point and then reduced it based on the application of the *Burnzell* factors. Hence, the fee submission and subsequent award in the Colorado case already accounts for fees incurred

---

[4] In *Armstrong*, the district court awarded fees for the time that would have been incurred preparing an amicus brief, rather than the entirety of the time expended in representing the other plaintiff. 318 F.3d at 972. The Ninth Circuit did not address whether it was error to not award fees based on the entirety of the time expended because that reduction in hours was not appealed. *See id*.

in relation to this proceeding by lead counsel. As such, the undersigned declines to calculate attorneys' fees in this case based on lead counsel's flat fee already presented to the Colorado court and for which Hand has already partially recovered.

### 3. Lead Counsel, Fees Not Previously Sought in Colorado Case

In addition to the flat monthly fee charged while this case and the Colorado case were both ongoing, Hand also seeks to recover the attorneys' fees charged by lead counsel for the three months subsequent to the completion of the Colorado case (*i.e.*, March, April, and May 2016). *See, e.g.*, Docket No. 61 at 2 n.2. As noted above, the undersigned finds that it is appropriate to calculate attorneys' fees using the lodestar method, which entails multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. Courts may reduce the fee award to account for inadequacy in the documentation of the hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Hand's lead counsel has not submitted any evidence of his actual hours expended in this litigation during the pertinent three month period, asserting instead that he did not keep such records. *See* Docket No. 58 at 11. Hand's filings in this Court during the three relevant months were (1) the motion for leave to file a dispositive motion, supported by a memorandum of points and authorities that was roughly three pages in length (Docket No. 52), (2) a reply thereto of roughly two pages (Docket No. 54), (3) a bill of costs (Docket No. 57), and (4) the instant motion for attorneys' fees (Docket No. 58). Each of these filings was signed by local counsel, and the billing records submitted show substantial work was done by local counsel. *See, e.g.*, Docket No. 58-9 at 89 (billing for drafting, revising, finalizing, and filing motion for leave to file further dispositive motion). In addition to and in conjunction with these filings, the Court would anticipate there also likely would have been other time expended, such as communications among counsel. Evaluating the length and complexity of these filings, the potential for expenditure of other time, and taking into account the work done by Nevada local counsel, the undersigned finds its proper to award attorneys' fees for ten hours of work done by lead counsel during these three months.

Turning to the hourly rate of lead counsel, he contends that he generally charges clients at an hourly rate of $325. Docket No. 58-6 at 3. Lead counsel has seven years of experience in complex federal litigation. *See id.* Morever, he took the lead in representing Hand in this litigation. *See id.* at

2. The undersigned finds that his requested rate is appropriate. *Cf. Crusher Designs*, 2015 WL 6163443, at *2.

Accordingly, with respect to the work of lead counsel during March, April and May 2016, the undersigned finds that attorneys' fees of $3,250 should be awarded. The undersigned further finds that this amount properly reflects the *Brunzell* factors.

### III. COSTS

Hand also seeks to recover costs. Fidelis does not dispute that Hand is entitled to recover some costs in this case, so the only dispute is which costs are properly awarded. *See, e.g.*, Docket No. 59 at 11-13. The determination of the costs to be awarded is entrusted to the wide discretion of the trial court. *See, e.g.*, *Cadle Co. v. Woods & Erickson, LP*, 345 P.3d 1049, 1054 (Nev. 2015). Nevada statutory authority permits the recovery of 16 enumerated categories of costs, in addition to a catchall provision for "[a]ny other reasonable and necessary expenses incurred in connection with the action." N.R.S. 18.005. This catchall provision is not all-encompassing, however. The Nevada Supreme Court has cautioned that the cost statutes are in derogation of common law and must be construed strictly. *E.g. Bergmann v. Bryce*, 856 P.2d 560, 566 (Nev. 1993). To that end, "this discretion should be sparingly exercised when considering whether or not to allow expenses not specifically allowed by statute and precedent." *Id.* (quoting *Mist v. Westin Hotels, Inc.*, 738 P.2d 85, 92 (Haw. 1987)).

    A. <u>Nevada Local Counsel</u>

Hand seeks to recover for $698.72 in costs incurred by Nevada local counsel. The vast majority of that amount consists of photocopying costs, and Fidelis does not challenge Hand's entitlement to those costs as sought here. Docket No. 59 at 13. Similarly, Fidelis does not challenge Hand's entitlement to recover $2.54 expended in relation to mailing. *Id.* Accordingly, the parties agree that Hand is entitled to recover at least $415.82 in costs. *Id.*

Fidelis does challenge Hand's entitlement to recover several costs incurred by Nevada local counsel that are not expressly enumerated in N.R.S. 18.005, namely a *pro hac vice* fee, a courier fee, and costs arising out of a "database search." *See id.* Hand contends that these costs fall within the scope of "reasonable and necessary expense[s] incurred in the action." Docket No. 61 at 8 (quoting N.R.S. 18.005(17)). As noted above, the Nevada Supreme Court has held that this provision must be construed

"narrowly" and has cautioned against allowing for such costs without statutory or precedential authority that the costs are properly awarded. *Bergmann*, 856 P.2d at 566. Although Hand submits no legal authority of any kind actually awarding these costs, the undersigned's own research has revealed Nevada Supreme Court precedent permitting an award of costs for messenger services. *See id*. at 568.[5] Accordingly, the undersigned finds the courier cost of $25 is recoverable. As to the *pro hac vice* fee and the cost for the "database search," however, Hand provided no statutory or precedential basis for awarding those costs and the undersigned's independent research has found none. The undersigned declines to award those costs.

Accordingly, with respect to the non-taxable costs sought in relation to the work of Hand's Nevada local counsel, the undersigned finds that a total of $440.82 should be recovered.

### B.  Lead Counsel

Hand's request for costs incurred by lead counsel fails for the same reason as his request for the attorneys' fees of lead counsel already submitted to the Colorado court. In particular, the costs submitted in connection with the instant motion are identical to those submitted to the Colorado court. *Compare, e.g.,* Docket No. 59-1 at 72-73 (copy of cost summary submitted in Colorado case) *with* Docket No. 58-7 at 6-7 (identical summary submitted in this case, including bearing case number and title of Colorado case). Indeed, Hand seeks to recover in this Court his costs for such items as his counsel's hotel room during the trial in Colorado. *See, e.g.*, Docket No. 58-7 at 7. Hand has already submitted these costs to the Colorado Court, which has already determined that only half of the costs are recoverable. For the same reasons as discussed above with respect to lead counsel's attorneys' fees, the undersigned finds that these costs should be denied.

## IV.  CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion for attorneys' fees and costs be **GRANTED** in part and **DENIED** in part. In particular, the undersigned recommends that: (1) the request for attorneys' fees of Nevada local counsel be awarded in the amount

---

[5] Such costs can only be awarded based upon a finding that they were "reasonable and necessary" to the litigation. *See id.* Fidelis does not argue that the particular incursion of the courier fee in this case was unreasonable or unnecessary.

of $25,491; (2) the request for attorneys' fees of lead counsel through February 2016 be denied; (3) the request for attorneys' fees of lead counsel from March 2016 through May 2016 be awarded in the amount of $3,250; and (4) the request for non-taxable costs be granted in the amount of $440.82.

DATED: January 4, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).